(82 South. 545)

WASHINGTON v. BIRMINGHAM SOUTHERN R. CO. (6 Div. 854.)

(Supreme Court of Alabama. June 19, 1919.)

RAILROADS ⬅➡307(3)—CROSSING ACCIDENTS—DUTY TO MAINTAIN AUTOMATIC GONG.

Where a railroad company though not required to maintain an automatic gong at a particular crossing, has established one and educated the travelers to rely upon it, it is the company's duty either to keep it in efficient operation or to give notice that it is not in working order.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by Isaiah Washington, as administrator, against the Birmingham Southern Railroad Company for damages for the death of his intestate in a collision. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Plaintiff's intestate was a passenger in a jitney automobile, and was killed by its collision with defendant's train while crossing defendant's track at a public road crossing. The complaint contains three counts. Count 1 charges simple negligence in that the servants or agents of the defendant, while acting in the line and scope of their employment, negligently caused said train to collide with the automobile. Count 2 charges subsequent negligence after discovery of the peril of plaintiff's intestate by the servants or agents of the defendant; while count 3 charges that said collision was wantonly, willfully, or intentionally caused by said servant or agent. The trial was on the general issue only.

The evidence showed that the crossing was in frequent use by a great many people, and, by reason of a deep cut and sharp curve from which the train emerged when near at hand, was dangerous. The defendant had for a considerable period of time established and maintained an electric gong at the crossing which was automatically rung by approaching trains for a quarter of a mile before reaching a crossing. On this occasion the automatic gong did not ring at all, but the trainmen and others testified that the usual and proper signals of approach were given by blowing the whistle and ringing the bell of the engine. Some of plaintiff's witnesses testified that, although they were within hearing, they did not hear any such signals, and several testified affirmatively that no signals of approach were given. The testimony for the defendant tended to show that the train was running about 20 miles an hour, while some of the testimony for the plaintiff tended to show that it was running about 50 miles an hour as it immediately approached the crossing. The trial judge instructed the jury at defendant's request as follows:

(b) The fact, if it be a fact, that defendant had placed a warning gong at the crossing and this gong was not ringing and was out of repair at the time of the accident cannot be considered by you in any way as a basis for your verdict.

(6) The court charges the jury that there was no duty on the defendant to keep and maintain an electric gong or bell at the crossing where the accident occurred.

(11) Defendant was under the duty of giving timely notice of the approach of the train to the crossing to people using the crossing; and I further charge you that, if you are reasonably satisfied from the evidence that such timely notice was given in this case by blowing the whistle on the engine a quarter of a mile from the crossing, and immediately thereafter by ringing the bell on the engine continuously until the train reached the crossing, then the failure to give notice of the approach of the train by ringing the gong at the crossing would not constitute a ground for recovery in this case.

Weakley & Rice and W. A. Denson, all of Birmingham, for appellant.

Percy, Benners & Burr, of Birmingham, for appellee.

SOMERVILLE, J. In the recent case of Birmingham Southern R. R. Co. v. Mary E. Harrison, Adm'x, 82 South. 534,[1] wherein the cause of action grew out of the identical collision here involved, and the pleadings and

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 284.

testimony were substantially the same as here, we considered and determined the main questions presented by this appeal.

Pretermitting any decision as to the duty of the defendant railroad to establish an automatic gong at this particular crossing in the first instance, we held that, having so established it, and allowed travelers who were aware of it to rely to some extent upon its operation as a warning to them in crossing, it was defendant's duty "to keep it in a working condition, or else give notice in some way that it was out of repair or was not working, and its failure to give warning was a circumstance for the jury as bearing both upon its negligence and the conduct of the driver." It was further held that—

"On failure of the device to act, in the absence of other sufficient notice or warning in lieu thereof, the obligation to rebut the prima facie presumption [of negligence] thereupon passes to the railroad or operating company so using or relying upon the signal."

Though we think the weight of the evidence was to the contrary, yet some of the testimony would have supported a finding by the jury that the usual signals by bell and whistle were not seasonably given by the enginemen upon approaching the crossing. It was therefore prejudicial error for the trial court to eliminate from the consideration of the jury, as a basis for their verdict, the question of defendant's negligence in respect to the maintenance in working order of the automatic gong, as was done by charge "b."

As an abstract proposition, it was not incumbent upon defendant to keep and maintain this gong at this crossing, since other modes of warning might equally suffice. But, having so established it, and educated travelers to rely upon it, it was defendant's duty either to keep it in efficient operation, or to give notice that it was not in working order.

Charge 11 was a correct statement of the law.

For the error in giving charge "b" to the jury, the judgment must be reversed, on the authority of Birmingham Southern R. R. Co. v. Harrison, supra, and the cause will be remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.